15-1879-cv
*In re Lehman Bros. Sec. & ERISA Litig.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of July, two thousand sixteen.

PRESENT: RALPH K. WINTER,
RICHARD C. WESLEY,
GERARD E. LYNCH,
*Circuit Judges.*

———————————————

IN RE LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION,

No. 15-1879

———————————————

FOR APPELLANT: THOMAS C. GOLDSTEIN, Goldstein & Russell, P.C., Bethesda, MD (Joseph D. Daley, Robbins Geller Rudman & Dowd LLP, San Diego, CA; Amanda M. Frame, Robbins Geller Rudman & Dowd LLP, San Francisco, CA, *on the brief*).

FOR APPELLEE: VICTOR L. HOU (Mitchell A. Lowenthal, Roger A. Cooper, Jared Gerber, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

1

Appeal from the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the orders of the District Court are

**AFFIRMED**.

The California Public Employees' Retirement System ("CalPERS") appeals

from two orders of the United States District Court for the Southern District of

New York (Kaplan, *J.*), which dismissed certain of CalPERS's claims as time-

barred by the three-year statute of repose contained in section 13 of the Securities

Act of 1933, 15 U.S.C. § 77m. We assume the parties' familiarity with the

underlying facts and the procedural history, which we reference only as

necessary to explain our conclusions.

The crux of the appeal is whether the Supreme Court's decision to toll

statutes of limitation for putative class members—generally referred to as

"*American Pipe* tolling" after the originating case, *American Pipe & Construction*

*Co. v. Utah*, 414 U.S. 538 (1974)—also applies to section 13's statute of repose. We

have held previously that *American Pipe* tolling does not affect the statute of

repose embodied in section 13. *See Police & Fire Ret. Sys. of City of Detroit v.*

2

*IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013). Undaunted, CalPERS urges us to distinguish this case from *IndyMac*. We are unpersuaded.

CalPERS argues principally that, unlike in *IndyMac*, the putative class action was commenced by a named plaintiff with proper standing and, therefore, its claims were actually asserted within the three-year statute of repose. This argument is inconsistent with the reasoning of *IndyMac*. *IndyMac* made no reference to the standing of named plaintiffs when it concluded that *American Pipe* tolling did not apply to section 13's statute of repose; its conclusion was instead derived from two longstanding principles. First, if *American Pipe* is grounded in equity, its tolling rule cannot affect a legislatively enacted statute of repose. *See IndyMac*, 721 F.3d at 109 (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991)). Second, if *American Pipe* establishes a "legal" tolling principle grounded in Rule 23, to apply it to a statute of repose would violate the Rules Enabling Act by permitting a procedural rule to abridge the substantive rights created by statutes of repose. *Id.* at 106, 109. Accordingly, under *IndyMac*'s reasoning, the inapplicability of *American Pipe* tolling to a statute of repose turns on the nature of the tolling rule and its ineffectiveness against statutes of repose, not whether the named plaintiffs have

3

proper standing to assert claims on behalf of a class. *See also CTS Corp. v. Waldburger*, 134 S. Ct. 2175, 2187 (2014) ("[A] critical distinction between statutes of limitations and statutes of repose is that a repose period is fixed and its expiration will not be delayed by estoppel or tolling." (internal quotation marks omitted)).

CalPERS suggests that because it fell within the putative class before exercising its right to opt out, its claims were essentially "filed" against the defendant within three years and therefore timely. Again, we are not persuaded. As a fundamental matter, if it were true that a putative class member's claims were essentially "filed" in the putative class complaint, there would be no need for *American Pipe* tolling at all; any putative class complaint would count as a legitimate "filing" of all putative class members' claims within the limitations period. The very principle of tolling is to permit claims *not* timely asserted to proceed if the requirements for suspending the limitations period are met. *Cf. Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231–32 (2014); *Honda v. Clark*, 386 U.S. 484, 496–97 (1967). To the extent that CalPERS argues that *American Pipe* tolling should be conceptualized as something other than "tolling" as that term is generally understood, that argument was presented to the *IndyMac* panel, which

4

declined to adopt it.  *See* Joint Br. & Special App. for Intervenors-Appellants at 21–23, 25, *IndyMac*, No. 11-2998 (2d Cir. Nov. 2, 2011), ECF No. 116.

CalPERS finally argues that to find its claims to be time-barred violates the due process considerations embodied in Rule 23's opt-out mechanism.  We are unpersuaded.  The due process protections of Rule 23 are directed at preventing a putative class member from being bound by a judgment without her consent. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175–76 (1974).  In essence, the opt-out right merely ensures that each putative class member retains the ability to act independently of the class action if she so elects.  *Cf. In re WorldCom Sec. Litig.*, 496 F.3d 245, 256 (2d Cir. 2007).  The opt-out right does not confer *extra* benefits to a plaintiff's independent action.  CalPERS's right to initiate and pursue an individual action before, during, and after the putative class action was unchanged—including the necessity of instituting such an action within section 13's three-year statute of repose.

In closing, we note that the question whether *American Pipe* tolling applies to statutes of repose—and if so, when—may be ripe for resolution by the Supreme Court.  Our decision in *IndyMac* created a circuit split with the Tenth Circuit, *see Joseph v. Wiles*, 223 F.3d 1155, 1166–68 (10th Cir. 2000), and the issue

implicates the very nature of *American Pipe* tolling, a question the Supreme Court is in the best position to resolve. Indeed, the Court initially granted certiorari to review *IndyMac* itself, *see Pub. Emps. Ret. Sys. of Miss. v. IndyMac MBS, Inc.*, 134 S. Ct. 1515 (2014), but dismissed the writ as improvidently granted, *see* 135 S. Ct. 42 (2014), two weeks after a motion for settlement approval was filed in the district court, *see In re IndyMac MBS Litig.*, No. 09 Civ. 4586 (S.D.N.Y. Sept. 11, 2014), ECF No. 532. However, unless and until the Supreme Court informs us that our decision was erroneous, *IndyMac* continues to be the law of the Circuit and its reasoning controls the outcome of this case.

We have considered all of Appellant's arguments and find them to be without merit. For the reasons stated above, the orders of the District Court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk